**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**RIZELLE AARON**                                                              **PLAINTIFF**

**v.**                              **CASE NO. 4:20-CV-1250-BRW**

**PULASKI COUNTY PUBLIC
DEFENDER'S OFFICE AND BILL
SIMPSON IN HIS OFFICIAL
CAPACITY**                                                   **DEFENDANTS**

**ANSWER**

Come now, Defendants, Pulaski County Public Defender's Office and Bill Simpson in his official capacity, by and through their attorneys, and for their Answer to the Complaint herein state and allege:

1.      Paragraph 1 of the Complaint contains conclusions of law not requiring a response; to the extent a response is required, Defendants deny the same due to their full and complete denial of any and all wrongdoing alleged.

2.      Defendants admit they are residents of Pulaski County, Arkansas. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 2 of the Complaint and, thus, deny the same. Defendants deny any and all allegations of wrongdoing alleged.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and, thus, deny the same.

4.      Paragraph 4 states a conclusion of law not requiring a response; to the extent a response is required, there is no "Defendant Pulaski" named in this action

and Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and, thus, deny the same.

5.    Upon information and belief, Plaintiff applied for an investigator position for the Pulaski County Public Defender's Office. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5, and thus, deny the same.

6.    Upon information and belief, Plaintiff applied for an investigator position for the Pulaski County Public Defender's Office. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 6, and thus, deny the same.

7.    Defendants admit that Plaintiff was not hired as an investigator for the Pulaski County Public Defender's Office. Any allegations of wrongdoing are specifically denied.

8.    Upon information and belief, Defendants admit Plaintiff was not interviewed for the investigator position. Any allegations of wrongdoing are specifically denied.

9.    Paragraph 9 states incorrect conclusions of law not requiring a response; to the extent a response is required, Plaintiff's statements of law are incorrect and Defendants specifically deny Plaintiff's allegations of wrongdoing or violations of law.

10.    Defendants admit Bill Simpson is the public defender and that he selected the person hired for the investigator position and that such decision was lawful and non-discriminatory. Any allegations of wrongdoing are specifically denied.

11.     Paragraph 11 states conclusions of law not requiring a response; to the extent a response is required, Defendants affirmatively state they do and have complied with state and federal laws and deny any and all allegations of wrongdoing alleged.

12.     Defendants admit Lana Faser is a white female and that she was already working at the Pulaski County Public Defender's Office performing, *inter alia*, investigative work at the time of the job posting. Defendants are without sufficient knowledge or information as to the truth or falsity—based on the allegations in paragraph 12—as to whether Ms. Faser was a student lawyer or a licensed attorney at the time of the job posting and, thus, deny that allegation. Defendants deny any and all allegations of wrongdoing alleged.

13.     Defendants are without knowledge or information as to the truth or falsity of what "Pulaski County," a non-party, has claimed. Defendants deny any and all allegations of wrongdoing alleged.

14.     Defendants are without knowledge or information as to the truth or falsity of whether "Pulaski County," a non-party, did or did not give Plaintiff a reason for not interviewing him or offering him a position and, thus, deny the same. Any allegations of wrongdoing are specifically denied.

15.     Defendants deny the basis of, and Plaintiff's characterization of, the events alleged in paragraph 15 and, thus, deny those allegations. Any allegations of wrongdoing are specifically denied.

16.     Defendants are without knowledge or information as to the truth or falsity of whether or how "Pulaski County," defends any actions, as Pulaski County is not a defendant in this action. Any allegations of wrongdoing are denied.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding the vague characterization of "these reasons," and, thus deny the same. Defendants hired Ms. Faser and did not hire Mr. Aaron based on legitimate non-discriminatory reasons. Defendants deny the remaining allegations of paragraph 17 and deny any allegations of wrongdoing.

18.     Defendants admit that Ms. Faser was working as a licensed attorney, who had worked for the Pulaski County Public Defender's Office before the posting for the investigator position, at the time she was selected for the investigator position. Defendants admit Ms. Faser still works as a licensed attorney.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 and, thus, deny the same. Any allegations of wrongdoing are denied.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 and, thus, deny the same. Any allegations of wrongdoing are denied.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 and, thus, deny the same. Any allegations of wrongdoing are denied.

22. Defendants admit Plaintiff was not hired as an investigator. Defendants deny the remaining allegations of paragraph 22 and deny any and all allegations of wrongdoing alleged.

23. Paragraph 23 states conclusions of law not requiring a response; to the extent a response is required, Defendants deny the allegations of paragraph 23 and deny any and all allegations of wrongdoing alleged.

24. Defendants deny Ms. Fraser did not work in the role of an investigator for the Pulaski County Public Defender's Office prior to her being hired as the investigator. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 24 and, thus, deny the same. Any allegations of wrongdoing are denied.

25. Defendants admit, upon information and belief, that at one time Ms. Fraser was an educator. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 25 and, thus, deny the same. Any allegations of wrongdoing are denied.

26. Paragraph 26 states conclusions of law not requiring a response; to the extent a response is required, Defendants deny the allegations of paragraph 26 and deny any and all allegations of wrongdoing alleged.

27. Defendants deny the basis and characterization of events alleged in paragraph 27, and, thus, deny those allegations. Defendants deny any and all wrongdoing, and deny Plaintiff is entitled to any relief in this action whatsoever.

28.     Upon information and belief, Defendants admit Plaintiff filed a charge with the EEOC. Defendants are without knowledge or information as to the truth or falsity of the remaining allegations in paragraph 28 of the Complaint and, thus, deny those allegations.

29.     Defendants deny any allegations or requests for relief in the WHEREFORE clause of the Complaint.

30.     Defendants deny any material averment not specifically admitted herein.

## DEFENSES

1.     Defendants assert the following affirmative defenses:

    a.  Failure to exhaust administrative remedies;

    b.  Failure to state a claim upon which relief can be granted;

    c.  All applicable state and federal immunities including but not limited to sovereign immunity, statutory immunity, and Eleventh Amendment immunity;

    d.  Defendants are not "persons" for purposes of Section 1981 or 1983 and cannot be sued under those statutes;

    e.  Issue and claim preclusion to the extent deemed applicable;

    f.  Statute of limitations and all applicable limitations periods under Title VII to the extent deemed applicable;

    g.  No liability under *respondeat superior* to the extent deemed applicable;

h.  Plaintiff 's failure to mitigate damages;

i.  Punitive damages are prohibited by the U.S. and Arkansas Constitutions;

j.  Lack of standing to the extent deemed applicable;

k.  Justification and privilege to the extent deemed applicable;

l.  Lack of personal jurisdiction, insufficient process, and insufficient service of process only to the extent deemed applicable;

m.  Any and all actions that Plaintiff alleges are discriminatory—which is denied—that occurred prior to 180 days before Plaintiff made a charge to the EEOC are time-barred;

n.  Waiver and estoppel to the extent deemed applicable; and

o.  Failure to join indispensable parties.

2.    Defendants assert that employment decisions made concerning the Plaintiff were made for legitimate, non-discriminatory purposes and the business judgment rule applies.

3.    Defendants reserve the right to amend this pleading and to assert additional affirmative defenses upon further fact investigation and discovery.

4.    Defendants demand a trial by jury as to all issues so triable at that time.

WHEREFORE, Defendants respectfully request the Court dismiss this action and grant them any and all other just and proper relief to which they have shown entitlement.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General


By:   <u>Michael Mosley</u>
Ark. Bar No. 2002099
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-2081
Fax:    (501) 682-2591
Email:  michael.mosley@arkansasag.gov

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I, Michael Mosley, hereby certify that on November 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall serve all counsel of record:

Mr. Lawrence A. Walker
John W. Walker, P.A.
1723 Broadway Street
Little Rock, AR 72206


<u>Michael Mosley</u>
Michael Mosley

8