IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RIZELLE AARON**                                                                                          **PLAINTIFF**

v.                                         CASE NO. 4:20-CV-1250-BRW

**PULASKI COUNTY PUBLIC DEFENDER'S**
**OFFICE AND BILL**
**SIMPSON IN HIS OFFICIAL CAPACITY**                                      **DEFENDANTS**

## AGREED PROTECTIVE ORDER

Plaintiff has requested discovery of records containing sensitive information including information and records regarding applicants for the investigator position that is the subject of this lawsuit against Pulaski County Public Defender's Office, personnel files of persons who have held that position, other personal information of persons that have held that position, applications or resumes of persons who applied for the investigator position, and interview scorecards—to the extent they exist—for persons interviewed for the investigator position. Such information is private and of a personal nature, and should only be used within the confines of the instant litigation. Except to the extent otherwise objectionable, in order to permit Plaintiff's Counsel adequate access to the records necessary to completely present Plaintiff's case herein, and, at the same time to protect sensitive information, it is hereby ORDERED, ADJUDGED and DECREED as follows:

   1. Defendants have agreed to produce complete copies of the afore-referenced records, pursuant to the Federal of Civil Procedure, to the extent not otherwise objectionable;

   2. Said documents—including names and contact information of applicants for the investigator position, personnel records of persons who have held the investigator position,

applications and resumes of persons who applied for the investigator position, and interview scorecards to the extent they exist, and similar records will be considered confidential;

3. All confidential records or other information provided may be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, Plaintiff may not utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action;

4. All confidential records, documents, tapes, or other information provided must be kept in the custody of the Plaintiff's Counsel during the pendency of this litigation;

5. If confidential documents or records are used during depositions, those portions of depositions mentioning the documents or involving the depositions will be treated as confidential in accordance with this Order;

6. Plaintiff's Counsel may use such documents in this litigation and at trial, if otherwise admissible, however, this Order does not constitute a ruling on the admissibility of said records;

7. Plaintiff's Counsel, promptly upon completion of this litigation, or before if at such time he has no further use of the confidential information, whichever occurs first, must return to the Defendants' Counsel all materials produced, and all copies and extracts of data from such materials at the cost to Defendants' Counsel;

8. This Protective Order governs all pre-trial proceedings, but may be modified either before, during, or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;

9.  This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

IT IS SO ORDERED this 31st day of March, 2021.


                    <u>Billy Roy Wilson                  </u>
                    UNITED STATES DISTRICT COURT JUDGE